# EXHIBIT A

TAM
9-17-25
1:40pm

| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO<br>7325 S. POTOMAC ST. #100<br>CENTENNIAL, CO 80112<br><br>**PLAINTIFF:** MICHELLE OBERSTAR, individually and on behalf of all similarly situated persons<br><br>v.<br><br>**DEFENDANT:** AMAZON.COM SERVICES, LLC DBA AMAZON FLEX. | DATE FILED<br>September 15, 2025 4:35 PM<br>FILING ID: 198BAEA1CAA4B<br>CASE NUMBER: 2025CV32207<br><br><br>Δ  COURT USE ONLY  Δ |
| Attorneys for Plaintiff:<br><br>Victoria Guzman, Atty Reg. # 55401<br>Alexander Hood, Atty Reg. # 42775<br>TOWARDS JUSTICE<br>303 E. 17th Avenue, Suite 400<br>Denver, CO 80203<br>Telephone: (720) 441-2236<br>Victoria@TowardsJustice.org<br>Alex@TowardsJustice.org<br><br>Toby J. Marshall, *Pro Hac Vice Forthcoming*<br>Eric R. Nusser, *Pro Hac Vice Forthcoming*<br>TERRELL MARSHALL LAW GROUP PLLC<br>936 N. 34th Street, Suite 300<br>Seattle, Washington 98103<br>Telephone: (206) 816-6603<br>tmarshall@terrellmarshall.com<br>eric@terrellmarshall.com | Case Number:<br><br><br><br>Ctrm/Div: |
| **DISTRICT COURT CIVIL SUMMONS** | |

**TO: AMAZON.COM SERVICES, LLC DBA AMAZON FLEX**

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated: September 15, 2025          s/ Victoria E. Guzman
                                    Plaintiff's Counsel

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING:** A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has been filed and obtain the case number. If the plaintiff files the case within this time, then you must respond as explained in this summons. If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO<br>7325 S. POTOMAC ST. #100<br>CENTENNIAL, CO 80112<br><br>**PLAINTIFF:** MICHELLE OBERSTAR, individually and on behalf of all similarly situated persons,<br><br>v.<br><br>**DEFENDANT:** AMAZON.COM SERVICES, LLC DBA AMAZON FLEX | DATE FILED<br>September 15, 2025 4:35 PM<br>FILING ID: 198BAEA1CAA4B<br>CASE NUMBER: 2025CV32207<br><br><br><br>Δ    COURT USE ONLY    Δ |
| Attorneys for Plaintiff:<br><br>Victoria Guzman, Atty Reg. #55401<br>Alexander Hood, Atty Reg. #42775<br>TOWARDS JUSTICE<br>303 E. 17th Avenue, Suite 400<br>Denver, CO 80203<br>Telephone: (720) 441-2236<br>Victoria@TowardsJustice.org<br>Alex@TowardsJustice.org<br><br>Toby J. Marshall, *Pro Hac Vice Forthcoming*<br>Eric R. Nusser, *Pro Hac Vice Forthcoming*<br>TERRELL MARSHALL LAW GROUP PLLC<br>936 N. 34th Street, Suite 300<br>Seattle, Washington 98103<br>Telephone: (206) 816-6603<br>tmarshall@terrellmarshall.com<br>eric@terrellmarshall.com | Case Number:<br><br><br><br><br><br>Ctrm/Div: |
| **CLASS ACTION COMPLAINT** ||

Plaintiff Michelle Oberstar ("Plaintiff") by and through undersigned counsel, individually and on behalf of all others similarly situated ("Proposed Class Members"), files this *Class Action Complaint* against Defendant Amazon.com Services, LLC dba Amazon Flex ("Defendant").

## STATEMENT OF THE CASE

1. The Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq.* (the "Wage Claim Act") and its implementing regulations, *see, e.g.,* 7 Colo. Code Regs. § 1103-1, contain various requirements regarding employee wages and working hours. Defendant violated these laws by failing to pay for all time worked, failing to ensure that employees received all required breaks during their shifts, and failing to pay employee for breaks missed during their shifts. This class action seeks to recover damages and backpay to compensate current and former hourly employees of Defendant for these wage violations.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, an individual and resident of the State of Colorado, was employed by Defendant at the Amazon Fulfillment Center in Loveland, Colorado, from approximately June 2023 to November 2024, typically working five days a week in shifts of one to four hours.

3. Defendant is a Delaware limited liability company with its principal place of business in the State of Washington.

4. Venue in this Court is proper pursuant to C.R.C.P. 98 because Defendant conducts substantial business in this county.

5. This Court has jurisdiction over the parties and subject matter of this action pursuant to C.R.S. § 13-1-124 and the Colorado Constitution.

## FACTUAL BACKGROUND

6. Defendant owns and operates Amazon Flex to deliver packages from its fulfillment centers to its customers in Colorado.

7. Plaintiff and Proposed Class Members worked as delivery drivers for Defendant.

8. Defendant employed Plaintiff and Proposed Class Members.

9. Defendant had the power to hire and fire Plaintiff and Proposed Class Members and supervised and controlled their work schedules and conditions of employment. This includes determining work schedules and supervising day-to-day deliveries and other activities.

10. Defendant determined the rate and method of pay and maintained employment records for Plaintiff and Proposed Class Members. This includes issuing payroll and maintaining payroll records.

11. Defendant misclassified Plaintiff and Proposed Class Members as independent

2

contractors.

12. Plaintiff and Proposed Class Members used personal vehicles to complete the deliveries on behalf of the Defendant.

13. Defendant compensated Plaintiff and Proposed Class Members at an amount each shift that would cover the hours worked during the assigned shift window and compensate for the expenses associated with driving personal vehicles to complete the deliveries.

14. Plaintiff and Proposed Class Members were required to wait in line with other delivery drivers before fulfillment center employees clocked them in for their shifts.

15. Defendant required Plaintiff and Proposed Class Members to use its phone application or "app" in order to complete their services on behalf of Defendant.

16. Plaintiff and Proposed Class Members were required to check in on Defendant's phone app once they were within Defendant's geofenced property and while they were waiting to be clocked in.

17. Plaintiff and Proposed Class Members were not permitted to be clocked in more than fifteen minutes before the start of a shift.

18. If Plaintiff and Proposed Class Members failed to get in line early enough to clock in by the start of each shift, Defendant disciplined or turned them away and refused to let them work.

19. Plaintiff and Proposed Class Members were not paid for checking in on Defendant's app or the time between doing so and being clocked in by fulfillment center employees.

20. The Colorado Overtime and Minimum Pay Standards Order requires that employees be compensated for all time during which they are required or permitted "to be on the employer's premises . . . clocking or checking in . . . or waiting for any of the preceding . . . ." 7 Colo. Code Regs. § 1103-1-1.9.1.

21. The Colorado Overtime and Minimum Pay Standards Order requires that all covered employees "be paid not less than the Colorado minimum wage . . . for all hours worked . . . ." 7 Colo. Code Regs. § 1103-1-3.1.

22. Defendant failed to pay Plaintiff and Proposed Class Members at least minimum wage for those hours spent waiting to clock in before the start of each assigned shift.

23. Plaintiff and Proposed Class Members were required to deliver all packages within the assigned shift time, regardless of how far they had to drive for certain packages or if there were delays at the fulfillment center beyond their control.

3

24. If Plaintiff and Proposed Class Members failed to deliver all packages within the assigned shift time, Defendant would penalize them.

25. If a package was marked priority, Plaintiff and Proposed Class Members were required to deliver the package by a specific deadline within the assigned shift.

26. If Plaintiff and Proposed Class Members failed to deliver priority packages by the specified deadlines, Defendant would penalize them.

27. The Colorado Overtime and Minimum Pay Standards Order requires that employees be provided ten-minute rest periods in the middle of each four-hour work period or "major fractions thereof." 7 Colo. Code Regs. § 1103-1-5.2.

28. Defendant failed to provide Plaintiff and Proposed Class Members with all 10-minute rest breaks to which they were entitled.

29. Defendant failed to pay Plaintiff and Proposed Class Members for missed 10-minute rest breaks.

30. By failing to pay for all time worked and provide all required rest breaks to its non-exempt employees, Defendant violated the Wage Claim Act and owes wages to Plaintiff and Proposed Class Members at minimum, regular, and overtime rates. Defendant had no legal justification for these violations. *See* 7 Colo. Code Regs. § 1103-1-5.2.4 ("When an employee is not authorized and permitted a required 10-minute rest period, his or her shift is effectively extended by 10 minutes without compensation.").

## CLASS ACTION ALLEGATIONS

31. This is a C.R.C.P. 23 class action on behalf of Plaintiff and the Proposed Class for which Plaintiff seeks certification. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the Proposed Class as follows:

**ALL WORKERS WHO WORKED FOR DEFENDANT IN COLORADO AS AMAZON FLEX DRIVERS FROM THREE YEARS BEFORE THE FILING OF THIS LAWSUIT THROUGH FINAL JUDGMENT.**

32. This action is properly brought as a class action for the following reasons:

 a. The Class is so numerous that joinder of all Proposed Class Members is impracticable.

 b. Numerous questions of law and fact regarding the liability of Defendant are common to the Proposed Class Members and predominate over any individual issues which may exist.

4

  c. Although the exact amount of damages may vary among Proposed Class Members, those damages can be easily calculated by a simple formula. The claims of all Proposed Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Proposed Class Members.

  d. The claims asserted by Plaintiff are typical of the claims of Proposed Class Members and the Proposed Class is readily ascertainable from Defendant's records. Plaintiff was subjected to the same rules and policies as Proposed Class Members that form the basis of Defendant's alleged violations. Defendant applied its policies to Plaintiff just as it did with all Proposed Class Members.

  e. Plaintiff will fairly and adequately protect the interests of Proposed Class Members. The interests of Proposed Class Members are coincident with, and not antagonistic to, those of Plaintiff. Plaintiff is committed to this action and has no conflict with Proposed Class Members. Furthermore, Plaintiff is represented by experienced class action counsel.

  f. Questions of fact common to Proposed Class Members predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### FIRST CLAIM FOR RELIEF
**(Colorado Wage Claim Act, C.R.S. §§ 8-4-101, *et seq.*)**

33. Plaintiff incorporates by reference all paragraphs above.

34. At all material times, Defendant has been an "employer" of Plaintiff and Proposed Class Members within the meaning of the Colorado Wage Claim Act, C.R.S. §§ 8-4-101, *et seq.*

35. At all material times, Defendant employed "employees," including Plaintiff and Proposed Class Members, within the meaning of the Colorado Wage Claim Act, C.R.S. §§ 8-4-101, *et seq.*

36. As a result of the foregoing conduct, as alleged, Defendant failed to pay wages due thereby violating, and continuing to violate, the Colorado Wage Claim Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

37. As a result, Plaintiff and Proposed Class Members have been damaged in amounts

to be determined at trial.

38. Plaintiff and Proposed Class Members are entitled to all unpaid wages under various provisions of the statute, *e.g.*, C.R.S. §§ 8-4-103, -109, -110, as well as other compensatory damages, equitable relief, including equitable relief to deter future violations and prevent unjust enrichment, and penalties.

39. To the extent this Complaint is considered a demand pursuant to C.R.S. § 8-4-109(3)(a), it is a demand for wages on behalf of Plaintiff and Proposed Class Members as defined above—*i.e.*, a "demand for the payment on behalf of ... a group of similarly situated employees...."

40. Plaintiff and Proposed Class Members are also entitled to attorney's fees, costs, statutory interest, and all other relief deemed appropriate by the Court.

## JURY DEMAND

41. Plaintiff demands a trial by jury as to all issues so triable.

## OTHER ALLEGATIONS

42. As part of discovery, Plaintiff will be requesting certain documents and information from Defendant. Please note the document preservation instructions attached hereto.

43. Plaintiff's claim is a good-faith, non-frivolous claim filed for the express purpose of extending, limiting, modifying, or reversing existing precedent, law, or regulation; or for the express purpose of establishing the meaning, lawfulness, or constitutionality of a law, regulation, or United States or state constitutional right and the meaning, lawfulness, or constitutionality has not been determined by the Colorado supreme court, or for cases presenting questions under the United States constitution, to the Supreme Court of the United States.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

1. Determining that the action is properly maintained as a class action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

2. Ordering prompt notice of this litigation to all potential Class Members;

3. Awarding Plaintiff and Class Members their compensatory damages, equitable relief, attorney's fees, and litigation expenses as provided by law;

4. Awarding Plaintiff and Class Members their pre-judgment, post-judgment and moratory interest as provided by law;

6. Awarding Plaintiff and Class Members statutory penalties as provided by law; and

7. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

Respectfully submitted this 15th day of September, 2025.

*s/ Victoria E. Guzman*

Victoria E. Guzman_

*s/Alexander Hood*

Alexander Hood

*s/ Toby J. Marshall*

Toby J. Marshall, *Pro Hac Vice Forthcoming*

*s/Eric R. Nusser*

Eric R. Nusser, *Pro Hac Vice Forthcoming*

*Counsel for Plaintiff*

| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO<br>7325 S. POTOMAC ST. #100<br>CENTENNIAL, CO 80112<br><br>**PLAINTIFF:** MICHELLE OBERSTAR, individually and on behalf of all similarly situated persons<br><br>v.<br><br>**DEFENDANT:** AMAZON.COM SERVICES, LLC DBA AMAZON FLEX. | ~~DATE FILED~~<br>September 15, 2025 4:35 PM<br>FILING ID: 198BAEA1CAA4B<br>CASE NUMBER: 2025CV32207<br><br><br><br>Δ   COURT USE ONLY   Δ |
| Attorneys for Plaintiff:<br><br>Victoria Guzman, Atty Reg. # 55401<br>Alexander Hood, Atty Reg. # 42775<br>TOWARDS JUSTICE<br>303 E. 17th Avenue, Suite 400<br>Denver, CO 80203<br>Telephone: (720) 441-2236<br>Victoria@TowardsJustice.org<br>Alex@TowardsJustice.org<br><br>Toby J. Marshall, *Pro Hac Vice Forthcoming*<br>Eric R. Nusser, *Pro Hac Vice Forthcoming*<br>TERRELL MARSHALL LAW GROUP PLLC<br>936 N. 34th Street, Suite 300<br>Seattle, Washington 98103<br>Telephone: (206) 816-6603<br>tmarshall@terrellmarshall.com<br>eric@terrellmarshall.com | Case Number:<br><br><br><br><br>Ctrm/Div: |

**DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT**

1. This cover sheet shall be filed with each pleading containing an initial claim for relief in every district court civil (CV) case, and shall be served on all parties along with the pleading. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. Check one of the following:

☐ This case is governed by C.R.C.P. 16.1 because:

- The case is not a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding; AND

- A monetary judgment over $100,000 is not sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

☒ This case is not governed by C.R.C.P. 16.1 because (check ALL boxes that apply):

☒ The case is a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding.

☐ A monetary judgment over $100,000 is sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

☐ Another party has previously indicated in a Case Cover Sheet that the simplified procedure under C.R.C.P. 16.1 does not apply to the case.

NOTE: In any case to which C.R.C.P. 16.1 does not apply, the parties may elect to use the simplified procedure by separately filing a Stipulation to be governed by the rule within 49 days of the at-issue date. See C.R.C.P. 16.1(e). In any case to which C.R.C.P. 16.1 applies, the parties may opt out of the rule by separately filing a Notice to Elect Exclusion (JDF 602) within 35 days of the at-issue date. See C.R.C.P. 16.1(d).

☐ A Stipulation or Notice with respect to C.R.C.P. 16.1 has been separately filed with the Court, indicating:

☐ C.R.C.P. 16.1 applies to this case.

☐ C.R.C.P. 16.1 does not apply to this case.

3. ☒ This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

☒ By checking this box, I am acknowledging I am filling in the blanks and not changing anything else on the form.

☐ By checking this box, I am acknowledging that I have made a change to the original content of this form.

| | |
|---|---|
| September 15, 2025 | s/Victoria E. Guzman |
| Date | Victoria E. Guzman |