**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03293-SKC-SBP

MICHELLE OBERSTAR,

Plaintiff,

v.

AMAZON.COM SERVICES, LLC d/b/a
AMAZON FLEX,

Defendant.

---

**ORDER**

---

**Susan Prose, United States Magistrate Judge**

Before the court is Defendant Amazon.com Services, LLC d/b/a/ Amazon Flex's ("Amazon") Motion to Compel Arbitration and Stay (ECF No. 21) ("Motion"). Plaintiff Michelle Oberstar filed a response[1] (ECF No. 22), and Amazon filed a reply (ECF No. 23). This matter was referred to the undersigned pursuant 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(b). *See* ECF Nos. 18 (Order Referring Case), 24 (Memorandum of Referral).

On November 14, 2025, Amazon filed the instant Motion, arguing that Ms. Oberstar is bound by an arbitration clause contained in the Terms of Service Agreement ("Agreement") that she executed prior to becoming an Amazon Flex delivery driver. ECF No. 21 at 4-6. The terms of the Agreement provided that the clause would be governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.*, or, if the FAA was found inapplicable, by Delaware law. ECF No. 21-1 at 19.

The applicability of the FAA to this case is a pivotal threshold issue. In her response to the Motion, Ms. Oberstar advances the argument that the Colorado Wage Claim Act ("CWCA"),

---

[1] Ms. Oberstar also filed a Notice of Supplemental Authority in Support of Plaintiff's Opposition to Defendant's Motion to Compel Arbitration and Stay (ECF No. 26).

Colorado Revised Statute §§ 8-4-101 *et seq.*, renders wage claims brought pursuant to that Act nonarbitrable. ECF No. 22 at 6-15. However, she also concedes that "[w]ere the Federal Arbitration Act [] applicable here, it would preempt this right." *Id.* at 6.

Whether the FAA applies to the arbitration clause at issue here turns on the statute's exemption for "contracts of employment of . . . any class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. Ms. Oberstar insists that Amazon Flex delivery drivers are "engaged in . . . interstate commerce" and thus fall outside the FAA's purview. ECF No. 22 at 2-6. Amazon disputes this, but it also asserts that, regardless, the arbitration clause is enforceable under Delaware law. ECF No. 21 at 6-12.

On May 28, 2026, approximately six months after Amazon filed its reply, the U.S. Supreme Court issued its decision in *Flowers Foods, Inc. v. Brock*, 608 U.S. 380 (2026), in which it further clarified the scope of the FAA's exemption for workers engaged in interstate commerce. *Brock* involved so-called "last-mile" delivery drivers who, like Ms. Oberstar, transport goods wholly within state lines. *See* 608 U.S. at 383.

After reviewing *Brock*, the briefing on the Motion, and other applicable law, the court concludes that allowing both parties to address the Supreme Court's intervening decision would materially assist the court in the resolution of the issues underpinning the Motion. The court does recognize Amazon's contention that the applicability of the FAA is not dispositive here. The undersigned magistrate judge, however, is less assured of that conclusion and finds that more fulsome briefing on *Brock*'s effect on the Agreement is warranted here.

Consistent with the foregoing, it is **ORDERED**[2] that Amazon's Motion to Compel Arbitration, ECF No. 21, is **DENIED without prejudice** to refiling. On or before **October 20,**

---

[2] Although the Tenth Circuit has not formally addressed whether motions to compel arbitration are nondispositive, and thus within the authority of a magistrate judge, at least two courts of appeals that have considered the issue have held that motions to compel arbitration are not dispositive. *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 14 (1st Cir. 2010) (holding that a motion to compel arbitration is not dispositive because a district court retains authority to dissolve stay or review arbitration award); *Virgin Islands Water & Power Auth. v. Gen. Elec. Int'l Inc.*, 561 F. App'x 131, 133 (3d Cir. 2014) ("A ruling on a motion to compel arbitration does not dispose of the case, or any claim or defense found therein. Instead, orders granting this type of motion merely suspend the litigation while orders denying it continue the underlying

**2026**, Amazon may file a renewed motion to compel arbitration that addresses, in addition to any other pertinent issues, the following questions:

(1) Whether the FAA applies to § 11 of the Agreement in light of the Supreme Court's decision in *Brock*;

(2) Assuming that the FAA is inapplicable, what effect Colo. Rev. Stat. § 8-4-121 has on the parties' Agreement, if any; and

(3) Whether the effect of Colo. Rev. Stat. § 8-4-121 on the Agreement is a question of arbitrability reserved for the arbitrator pursuant to the Agreement's terms.

Ms. Oberstar may file a response **within 21 days** of service of the renewed motion, and Amazon may file a reply, if any, **within 14 days** of service of Ms. Oberstar's response. Alternatively, the parties may file a Proposed Scheduling Order within 21 days of this Order.[3]

DATED: September 29, 2026

BY THE COURT:

Susan Prose
United States Magistrate Judge

---

litigation."); *see also Adetomiwa v. College*, No. 15-cv-01413-PAB-NYW, 2015 WL 9500787, at *1 (D. Colo. Dec. 31, 2015).

[3] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").